CASE 18—ACTION BY THE COLUMBIA FINANCE & TRUST COMPANY AGAINST THE LEXINGTON & CARTER COUNTY MINING COMPANY AND OTHERS TO QUIET ITS TITLE AND TO SETTLE ITS ACCOUNTS AS ASSIGNEE.—December 14.

## Lexington and Carter County Mining Co. &c· v. Columbia Finance and Trust Co.

Appeal from Carter Circuit Court.

S. G. Kinner, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Reversed.

Assignments for Benefit of Creditors—Sale by Assignee—Order of Court—Jurisdiction.—Under Ky. Stats., 1903, sec. 75, providing that an assignor for creditors shall file his schedule for record in the county where the assignee qualifies, and the deed of assignment shall be recorded in the county clerk's office of the county where the assignor resides, and where the business in respect of the same is carried on, and in each county where a tract of land or a part thereof conveyed by the deed is situated, and section 87, providing that property shall be sold by the assignee as "the court" shall direct, and any exceptions to a confirmation of the report of sale shall

be heard by "the court," the county court of the county where the assignee qualifies, and not where the business is carried on, has jurisdiction to order a sale of the assigned estate.

THOMAS R. BROWN AND FALCONER & FALCONER for Appellants.

### POINTS AND AUTHORITIES CITED.

1. Jurisdiction. (Emmons and others v. L. & C. Co. M. Co., 112, Ky., 91; Kentucky Statutes, Section 96; Civil Code, Section, 65.)

2. Fraudulent Intent. (Kentucky Statutes, Section 75; Moskovits v. Simon, 23 Rep., 252.)

3. Costs of Suit. (Col. Finance & Trust Co. v. Morgan, 19 Ky. Rep., 1761.)

4. Right of Assignee to Operate Business. (Cooper v. Langford, et. al., 78 S. W. Rep., 197; Tarvin's Assignee v. Tarvin's Creditors, 20 Rep., 730.)

5. Lien Creditors. (Louisville Trust Co. v. Col. F. & T. Co., 22 Ky. Rep., 1086.)

E. B. WILHOIT AND BODLEY & BASKIN for Appellee.

### CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED:

1. The circuit court of the county where the land lies alone has jurisdiction to quiet·title.

2. Where a corporation with an office in Fayette County executes an assignment in Jefferson County and the assignment is recorded in Fayette County and also in Carter County, where all·the property and other land lies, the Carter County Court has control and jurisdiction of the assignee, with power to order sale of the land.. (Ky. Statutes, sec. 82.)

3. Where the deed is filed in Fayette County and in Carter County, the assignee must be deemed to have qualified in both counties, under Ky. Statutes, sections 75, 76, etc. And if this action is treated as an action to settle the estate of the assignor the Carter Circuit Court had jurisdiction under Code, sec. 65.

4. The defendants entered their appearance in Carter Circuit Court and filed answers and cross-petitions, thereby consenting to the jurisdiction, if the action be an action to settle the assignor's estate. (John v. Johnson, 12th Bush. 487; Tudor v.

Tudor, 101 Ky., 531; McDowell v. C. O. & S. W., 12 Rep., 331.

5. The delay of the assignee in giving bond in Carter County did not effect the validity of the assignment, and the qualification was complete when the bond was accepted by the Carter County Court. (Schuff v. Pflanz, 99 Ky., 105; Johnson v. Logan Co., 111 Ky., 702; City of Chicago v. Gage, 95 Ill., 593; Bank of Commerce v. Payne Viley & Co., 86 Ky., 460.)

6. The Carter County Court ordered the sale by the assignee, confirmed the sale, and no appeal was prayed, as authorized by section 28 of Ky. Statutes, therefore the judgments of sale and confirmation are res adjudicata and final.

7. Judgments of sale and confirmation can not be collaterally attacked. (Gibson v. Lyon, 115 U. S., 439; Voorhees v. Bank, 10 Pet., 449; Ludlow v. Ramsey, 11 Wall., 581.)

8. Appellants in cross-petition do not pray that the sale made under orders of Carter County Court be set aside, but recognize the jurisdiction of Carter County Court and pray that the assignee's accounts be settled in the Carter Circuit Court.

9. The beneficiary can not sue to set the sale aside without paying advances, expenses and the like of the assignee. (Thomas v. Harkness, 13 Bush. p. 30.)

10. Such advancements and expenses must be tendered with the petition seeking the setting aside of the sale. (Davis v. Gaines, 104 U. S., 386.)

11. Judgment of Carter County Court authorized appellee to bid at the sale and such a provision is valid. (Faucett v. Faucett, 1st Bush, 513.)

12. Where the assignee is himself a creditor, he has a right to bid at the sale to protect himself, provided the sale is fairly made. (Leavell v. Leavell, 4th Rep., 889.)

13. The Carter County Court alone had jurisdiction of the assignee to sell lands in that county, unless an action for the same purpose had been pending in the Carter Circuit Court. It would require an express statute to authorize the Fayette County Court to enter an order for the sale of lands in Carter County.

14. There was positively no proof that the assignee committed waste, nor that the property did not bring its full value, it having been offered for sale three times without bidders, was finally bid in by the assignee under the authority of the court at a fourth offer of sale for more than two-thirds of the appraised value, and for less than the indebtedness due the assignee.

OPINION BY JUDGE BARKER—Reversing.

The primary question involved in this record is whether the county court of Carter county or the county court of Fayette county had jurisdiction to order the sale of the assigned estate of the insolvent corporation, Lexington & Carter County Mining Company. If the Carter county court had jurisdiction, the judgment of the Carter circuit court. must be affirmed; if the Fayette county court had jurisdiction, the judgment must be reversed.

The Lexington & Carter County Mining Company was a corporation created by the laws of the State of Kentucky, having its residence and principal office in Lexington. Becoming insolvent, it, on the 16th day of April, 1896, made a deed of assignment of all of its property to the Columbia Finance & Trust Company of Louisville, Ky. This corporation accepted the trust, and had the deed recorded in the clerk's office of the Fayette county court, and qualified there as by law required, as is shown by the following excerpt from the reply of the plaintiff, which was affirmatively admitted to be true by the rejoinder of the defendants (appellants): "Plaintiff (Columbia Finance & Trust Company), states that on the 16th day of April, 1896, being the day upon which the said assignment. or deed of trust was executed, the said mining company had its chief office for the transaction of its business in Fayette county, State of Kentucky, and also had another office for the transaction of its business in Carter county, State of Kentucky, and its property mentioned in the petition was situated in Carter county, Ky.; that on the 25th day of April, 1906, said assignment or deed of trust was filed for record in the office of the clerk of the

Fayette county court, and was duly recorded therein; that on the 27th day of April, 1896, the plaintiff filed its bond as assignee in the Fayette county court and filed the oath required by law therein, and said oath and bond were by order of said Fayette county court duly approved, by all of which the plaintiff duly qualified as the assignee and trustee under the assignment or deed of trust dated April 16, 1896. On the 20th day of April, 1896, said deed of trust was also lodged for record and recorded in the Carter county court. Certified copies of the deed of trust and orders made in the Fayette county court and also copies of all orders pertaining to the said trust made in the Carter county court are filed with plaintiff's reply to the answer, set-off, counter-claim and cross-petition of R. J. McMichael, etc., and are referred to and made a part hereof.'' Afterwards the assignee advanced of its own money the sum of $10,000, in order to keep the mines belonging to the assigned estate in operation; it being of advantage to all parties that this should be done. No question is, or can be, made as to the validity of the assignee's debt. After having made several orders for the sale of the mining property as a whole, without having secured a bid equaling the upset price, the Carter county court, on the 3d day of March, 1898, made another order of sale of the whole property, to take place on the 28th day of March, 1898, describing the advertisement to be made thereof and the terms of sale. No upset price was fixed by this last order, and the assignee, for its own protection, was permitted to become a bidder at the sale. The property was sold to the assignee at the sale had for the sum of $11,117.50, being somewhat less than the amount of its debt. This sale was duly confirmed, and a deed made to the assignee. Afterwards, the

assignee, having learned that the appellants were questioning its title to the property acquired as herein stated, instituted this action in the Carter circuit court for the purpose of quieting its title, and also for the purpose of settling its accounts as assignee of the insolvent corporation. Upon final submission the court adjudged that the appellee (assignee) obtained a valid title to the property at the sale had, and from this judgment this appeal is prosecuted.

As said before, whether or not this judgment shall be affirmed or reversed depends upon the question of the jurisdiction of the Carter county court to order the sale at which the assignee became the purchaser of the property in dispute. It is axiomatic that two different courts cannot at the same time have jurisdiction to award a sale of the same property. Section 87, Ky. Stats., 1903, which regulates the sale of assigned property by the assignee, is as follows: "Personal property conveyed shall be sold by the assignee at private or public sale, as the court may direct; and the assignee shall have power to pass title to the same as fully as the assignor could have done at the date of the assignment. Real property (when sold at public sale) shall be sold in the same manner and upon the same terms as real property sold at decretal sale (provided, the purchaser shall have the right to pay cash and the assignee to accept cash in payment of the purchase price at any such sale), and the court may make such orders concerning the advertisement of the sale as it deems proper, and the assignee shall have power to convey and pass all the right and title to the same which the grantors in the deed of asignment had at its date. The report of sale shall be filed by the assignee within ten days after the sale, and if no exceptions are filed thereto, the

same shall be confirmed at the second regular term after it has been filed. If exceptions are filed, they shall be heard by the court and disposed of.'' From this it does not appear in express terms what court is empowered to direct the sale. In order to ascertain this essential fact we must refer to other sections of chapter 7, Ky. Stats., 1903, which regulate voluntary assignments. Section 75 is as follows. ''The assignor, within five days from the day upon which the deed of assignment is lodged for record, shall file in the county where the assignee qualifies, to be recorded therein, a schedule, under oath, setting forth the general nature and full value of the estate assigned, together with a list of the names of his creditors and their postoffice address, the amount due to each and whether secured by lien or not. The deed of assignment shall be acknowledged by the assignor in the same manner as other deeds, and shall be recorded in the county clerk's office of the county where the assignor resides, and where the business in respect of which the same is made is carried on, and in each county where a tract of land or the greater part thereof, conveyed by the deed is situated; and the deed shall vest in the assignee the title to all the estate, real and personal, with all deeds, books and papers relating thereto belonging to the assignor at the time of making the assignment, except the property exempt by law shall not pass unless embraced in the deed, and the intent of the assignor in making the assignment, whether appearing upon the face of the deed or otherwise, shall not invalidate the deed, unless he be solvent, and it appear that the assignment was made to hinder or delay creditors.'' We think this section gives the county court of the county where the assignee qualifies jurisdiction of the assignee and the assigned estate. The fact that a

copy of the deed of assignment is required to be filed in the county where the business is carried on, and in every county where the assignor owns property, does not in any wise militate against this view. Section 76 provides that: "The assignee shall, when the deed is lodged for record, or within seven days thereafter, execute a bond with good security, to be approved by the county judge, conditioned for the faithful discharge of his duties as assignee, which bond shall be recorded in the county clerk's office." All of the remaining sections of the chapter speak of "the county court" without designating whether it is the county court of the county where the business is done, or the county where the property is owned, or the county where the assignee qualifies; and it may be conceded that, taking the chapter as a whole, it is singularly indefinite and inexplicit upon the important question before us. We have been cited to no case from our court which serves to guide us as to the mooted question. We are therefore forced to reach a conclusion based upon the language of the statute, without the aid of extraneous light.

The general rule is that, where a court acquires jurisdiction of a subject-matter, it is not to be construed as having lost it except by the operation of some rule or law, or as the effect of an act done by the parties in interest. Now, section 75 requires the assignee to qualify in some county, and, after this is done, it requires the assignor to record the full value of the estate assigned, with a list of the names of his creditors, their post-office address, and the amount due to each, etc. A careful examination of the whole chapter 7 ("Voluntary Assignment") establishes that the only county court which is definitely named in connection with the control of the assignee or for the disposition of the assigned property is that wherein

the assignee qualifies. It would seem therefore en-tirely consonant with reason that, when one court is specifically named in a chapter governing a subject such as that we have in hand, and in subsequent parts thereof are found references to "the court" or "the judge of the county court," these expressions should be construed to relate to that court which had been theretofore named; and especially when this construction will do no violence to the statute, or result in any injury to, or hardship upon, the parties affected. The fact that the statute requires the deed of assignment to be filed not only in the county where the assignee qualifies, but also in the county where the business is conducted, and in all counties where the assignor owns real property, as said before, does not militate against the view of the question of jurisdiction above expressed. The county courts or the judges of the county courts of these counties have no more to do with the deed so recorded than they would have of any other deed which the law requires to be recorded in the clerk's office of the county court. It is clear that, when the assignee qualifies before the county court that court obtains jurisdiction of him and of the estate, and there is no language in the whole chapter which seems to take from it this jurisdiction. We are therefore driven to the conclusion that in section 87, which gives jurisdiction to order a sale of the assigned estate, the expression "the court" relates alone to the county court in which the assignee qualifies.

It follows from this that the Carter county court had no jurisdiction to order the sale of the property in question, and that the appellee therefore acquired no title by his purchase under it. This conclusion obviates the necessity of discussing any other question appearing upon the record.

The judgment is reversed for proceedings consistent herewith.